Robert E. WILCOX, Liquidator of
Southern American Insurance
Co., Plaintiff and Appellant,

v.

GENEVA ROCK CORPORATION, a
Utah corporation, Defendant
and Appellee.

No. 940518.

Supreme Court of Utah.

Feb. 2, 1996.

Randall R. Smart, Michael A. Day, Salt Lake City, for plaintiff.

R. Stephen Marshall, James D. Gilson, Salt Lake City, for defendant.

HOWE, Justice:

Plaintiff Robert E. Wilcox, in his capacities as Utah Insurance Commissioner and acting liquidator of Southern American Insurance Company (SAIC), appeals from a summary judgment dismissing a complaint in which he sought to recover, under a fraudulent transfer theory, payments made by SAIC to Geneva Rock Products, Inc. (Geneva).

Since this review involves a grant of summary judgment, "we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Higgins v. Salt Lake County*, 855 P.2d 231, 233 (Utah 1993) (citations omitted).

Between August 8, 1989, and January 9, 1990, SAIC paid Geneva $250,989.73 in five installments to settle a court collection order against Suzanne Borcherds, an owner of

SAIC. On March 25, 1992, Harold C. Yancey, acting as Utah Insurance Commissioner, petitioned for a liquidation order on SAIC in the district court. The court granted the petition and issued a liquidation order on the following day, March 26, 1992.

On March 25, 1994, plaintiff Wilcox, in his capacities as Utah Insurance Commissioner and acting liquidator of SAIC, filed a complaint in the district court to avoid and recover pre-petition fraudulent transfers. The complaint incorrectly named as defendant "Geneva Rock Corporation, a Utah Corporation," rather than "Geneva Rock Products, Inc., a Utah Corporation." However, a summons that correctly named Geneva and a copy of the complaint were served on Don McGee, manager and vice president of Geneva Rock Products, Inc., at its corporate offices.

Geneva moved to dismiss for failure to state a claim upon which relief can be granted on the grounds that Wilcox had filed the complaint (1) against the wrong entity, and (2) after the end of the allowable statutory periods for recovery of fraudulent transfers and for claims asserted in connection with liquidation orders. Wilcox responded, arguing that (1) the mistaken name in the complaint was a nonprejudicial misnomer, not a fatal defect which would justify dismissal, and (2) the statutes of limitations did not bar the filing of the complaint. Wilcox contended that the misnomer should be corrected by amendment and moved for leave to amend the caption of the complaint.

The district court granted Geneva's motion to dismiss, treating it "as a motion for summary judgment because matters outside the pleadings were considered." The dismissal was based on untimely filing of the complaint and the failure to state a claim due to the misnaming of defendant in the pleadings. The court was not requested to rule and thus did not rule on the motion to amend the caption. Wilcox appeals from the grant of summary judgment, assailing the dismissal as error.

■ Summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P.

56(c); *Higgins,* 855 P.2d at 235. Therefore, "[w]e determine only whether the trial court erred in applying the governing law and whether the trial court correctly held that there were no disputed issues of material fact." *Ferree v. State,* 784 P.2d 149, 151 (Utah 1989). We make this determination without deference to the trial court's resolution of the legal issues considered. *Higgins,* 855 P.2d at 235; *Ferree,* 784 P.2d at 151.

■ We first address the timeliness of filing the complaint. Wilcox's action against Geneva is grounded in fraudulent transfer. Under Utah Code Ann. §§ 25–6–5(1)(b), 25–6–10(2), and 78–12–25(2), such claims are subject to a four-year statute of limitations. Since SAIC's payment of funds to Geneva began on August 8, 1989, and terminated on January 9, 1990, the four-year period which would encompass all of the payments ended on August 8, 1993. However, section 31A–27–317(3) in chapter 27 of the insurance code, titled "Insurers Rehabilitation and Liquidation," provides:

The liquidator may, within two years subsequent to an order for liquidation or within any further time as applicable law permits, institute an action or proceeding on behalf of the estate of the insurer upon any cause of action against which the period of limitation fixed by applicable law had not expired at the time of the filing of the petition.

Therefore, since the period of limitation "fixed by applicable law" (here, four years for the recovery of fraudulent transfers) had not expired when the petition for a liquidation order was filed, Wilcox had two years subsequent to the liquidation order to institute this action.

Geneva contends that March 25, 1994, the date on which Wilcox filed the complaint, was not "within two years subsequent to [the] order for liquidation" as required by section 31A–27–317(3). Although the liquidation order was signed on March 26, 1992, Geneva points out that by its terms it was effective on the previous day, March 25, when the petition for the liquidation order was filed. This apparently was done pursuant to section 31A–27–310(2), which provides that all rights

and liabilities are fixed as of the date of the filing of the petition for liquidation. Thus Geneva argues that the two-year period of limitation began to run on March 25, 1992, because the complaint could have been filed on that date. Under that argument, the last day of the allowable two-year period would be March 24, 1994, and Wilcox's filing on March 25, 1994, was one day too late.

We reject Geneva's contention. We conclude that the determination of the two-year period is governed by section 68–3–7, which provides, "The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it is also excluded." In addition, rule 6(a) of the Utah Rules of Civil Procedure states:

> In computing any period of time prescribed or allowed by these rules ... or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included....

We adopted a straightforward interpretation of this statute and rule in *Gilroy v. Lowe*, 626 P.2d 469, 471 (Utah 1981), stating, "When the time period is measured in months or years from a certain date, the day from which the time period is to run is excluded and the same calendar date of the final month or year is included."

We have consistently followed this interpretation in construing allowable time periods in many contexts, although admittedly it does allow a plaintiff an extra day if we grant that he or she could file a complaint on the day of the event, such as the occurrence of a tort or the signing of a contract. We hold that Wilcox filed his complaint exactly two years after the date on which he filed the petition for a liquidation order and two years minus one day subsequent to the grant of that order. Because Wilcox's filing was timely in either case, we do not reach the issue of whether it is the filing of the petition or the grant of the order which starts the two-year statute of limitations running.

■ We next address the mistake in the pleadings. Geneva argues that since the complaint erroneously named as defendant Geneva Rock Corporation rather than Geneva Rock Products, Inc., the complaint failed to state a cause of action against Geneva and the corporation was not put on notice of the proceedings within the limitations period. However, Utah Rule of Civil Procedure 15(a) provides for the amendment of a pleading, instructing that "leave [to amend] shall be freely given when justice so requires." This court has interpreted this rule consistently with the liberal pleading practices mandated by rule 8 of the Federal Rules of Civil Procedure. In *Williams v. State Farm Insurance Co.,* we reiterated that "the fundamental purpose of our liberalized pleading rules is to afford parties 'the privilege of presenting whatever legitimate contentions they have pertaining to their dispute.'" *Williams v. State Farm Ins. Co.,* 656 P.2d 966, 971 (Utah 1982) (quoting *Cheney v. Rucker,* 14 Utah 2d 205, 211, 381 P.2d 86, 91 (1963)). "What [the parties] are entitled to is notice of the issues raised and an opportunity to meet them. When this is accomplished, that is all that is required." *Cheney,* 381 P.2d at 91.

■ When the statute of limitations has expired before an amendment to a pleading is made, the amendment must relate back to the date of the original complaint if the amendment is to be effective. Utah Rule of Civil Procedure 15(c) provides for this contingency, stating, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

We addressed the relation of an amendment to a pleading in *Doxey–Layton Co. v. Clark,* 548 P.2d 902 (Utah 1976). There, we held that while "[g]enerally Rule 15(c), U.R.C.P. will not apply to an amendment which substitutes or adds new parties for those brought before the court by the original pleadings," *id.* at 906, we made an exception to the general rule. "The exception operates where there is a relation back, as to both plaintiff and defendant, when new and old parties have an identity of interest; so it can be assumed or proved the relation back is not prejudicial." *Id.* In such a case,

"[t]he rationale underpinning this exception is one which obstructs a mechanical use of a statute of limitations; to prevent adjudication of a claim. Such is particularly valid where, as here, the real parties in interest were sufficiently alerted to the proceedings...." *Id.* Utah courts have continued to follow this reasoning. *See Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 216–17 (Utah 1984); *Vina v. Jefferson Ins. Co.*, 761 P.2d 581, 586–87 (Utah Ct.App.1988).

In 1991, Federal Rule of Civil Procedure 15 was amended to deal specifically with an error in the name of a party against whom a claim is asserted. Now federal rule 15(c)(3) allows amendment if conditions identical to those in Utah's rule 15(c) are satisfied and if

within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(3).

The federal rule was amended specifically in response to what the rule maker perceived as an arbitrary result in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). In *Schiavone*, the complaint named *Fortune Magazine* rather than its corporate publisher as defendant. The publisher's agent refused service of process on the ground of the misnaming, even though it knew or should have known that it was the party before the court. *Id.* at 23, 106 S.Ct. at 2381. The United States Supreme Court refused to allow relation back of an amended pleading. *Id.* at 31, 106 S.Ct. at 2385. The subsequent amendment of Federal Rule of Civil Procedure 15 attempted to insure that a technical error in the pleadings could no longer defeat the parties' right to proceed on the merits. *See* 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1498 (Supp.1995).

In 1990, even before the amendment of the federal rule, *Federal Practice and Procedure*

distinguished a misnomer from a change or substitution of a party, stating, "A misnomer is involved when the correct party was served so that the party before the Court is the one Plaintiff intended to sue, but the name or description of the party in the Complaint is deficient in some respect." 6A *Federal Practice and Procedure* § 1498, at 130 (1990). Furthermore,

[i]f the body of the complaint correctly identifies the party, or if the proper person has actually been served with process, courts generally will allow an amendment under Rule 15 to correct technical defects in the caption. This seems appropriate inasmuch as a defective caption or even its complete absence is merely a formal error and never shall be viewed as a fatal defect.

5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1321, at 728–30 (1990) (footnotes omitted). The mistake in Wilcox's complaint was a misnomer not requiring a substitution or addition of new parties.

Geneva was served through its vice president with a summons which correctly named it as defendant. Contrary to Geneva's argument, it is of no consequence that Geneva did not receive notice of the action until summons was served on it nearly four months after the two-year limitation period expired. Under rule 3(a) of the Utah Rules of Civil Procedure, the action against Geneva commenced with the filing of the complaint before the two-year period ran, despite the misnomer of Geneva's corporate name. Plaintiff then had one hundred and twenty days to serve summons on Geneva, which requirement was met. *See* Utah R.Civ.P. 4(b). Even if Geneva had been properly named in the complaint, it would not have received notice of the action against it before the two-year period ran. Therefore, Geneva suffered no prejudice due to any lack of notice. Geneva admits that there is no Utah corporation doing business under the name of Geneva Rock Corporation. Consequently, there is no basis for confusion as to whether the complaint actually targeted a different defendant, especially in view of Geneva's actual receipt of process. In such circum-

stances, Geneva will not be heard to argue prejudicial lack of notice.

We hold that Wilcox's complaint against Geneva was timely filed and that the mistake in the complaint was a nonprejudicial misnomer subject to relation back upon amendment. Therefore, we reverse the grant of summary judgment and remand the case. We instruct the district court to allow plaintiff to amend the pleadings to correct the misnomer so that the case may proceed on its merits.

ZIMMERMAN, C.J., STEWART, Associate C.J., and DURHAM and RUSSON, JJ., concur.