1999 UT App 076

**Robert and Kathleen SULZEN, individually, and as guardians of Brandon James Holton, Plaintiffs and Appellants,**

v.

**Anita WILLIAMS, mother and general guardian of Seth Jepson; and Barry Carstensen, father and general guardian of Shaun Carstensen, Defendants and Appellees.**

**Nos. 981272–CA, 971301–CA.**

Court of Appeals of Utah.

March 11, 1999.

James R. Hasenyager, Marquardt, Hasenyager & Custen, Ogden, for Appellants.

Robert C. Keller, Snow, Christensen, & Martineau, Salt Lake City, for Appellees Anita Williams and Seth Jepson.

Joseph J. Joyce and Kristin A. Vanorman, Strong & Hanni, Salt Lake City, for Appellees Carstensen.

Before GREENWOOD, Associate P.J., and JACKSON and ORME, JJ.

## OPINION

ORME, Judge:

¶ 1 Plaintiffs Robert and Kathleen Sulzen, individually and on behalf of their grandson, Brandon Holton, over whom the Sulzens have legal guardianship, appeal the trial court's refusal to permit them to amend their complaint and dismissal of their wrongful death action.[1] We reverse.

## BACKGROUND

¶ 2 On July 25, 1994, Elizabeth Holton and her son, Brandon, accompanied Elizabeth's parents, the Sulzens, to the Hanging Rock Picnic area in American Fork Canyon. Also picnicking at Hanging Rock were Seth Jepson and Shaun Carstensen, who were both thirteen. Jepson and Carstensen crossed the American Fork River on a foot bridge east of the picnic area and hiked up a mountain slope to a vertical cliff high above the picnic area. Meanwhile, Elizabeth Holton was sitting on a rock in a stream beneath the cliff face. While hiking, Jepson and Carstensen dislodged a 20–25 pound rock. The rock struck Elizabeth on the head, killing her. Following Elizabeth's death, the Sulzens became Brandon Holton's legal guardians.

¶ 3 On June 28, 1996, the Sulzens, both individually and as Brandon's guardians, filed a complaint in Third District Court, alleging Jepson and Carstensen negligently caused Elizabeth's death. The complaint's caption listed the following individuals as defendants:

ANITA WILLIAMS, mother and general guardian of SETH JEPSON; and, BARRY CARSTENSEN, father and general guardian of SHAUN CARSTENSEN.

Both Anita Williams and Barry Carstensen were served with the complaint and a summons in early July. On July 26, Williams filed a Rule 12(b)(6) motion to dismiss the complaint. The complaint, Williams argued, failed to allege negligence on her part or any special relationship that would impose upon her any duty of care to the plaintiffs.

¶ 4 In response, the Sulzens conceded Williams was not herself liable, but argued that the body of the complaint correctly identified Seth Jepson as the negligent party and that Utah Rule of Civil Procedure 17(b) requires that minors be sued through their guardian—in this instance, Williams. Alternatively, the Sulzens moved the trial court for leave to amend the complaint's caption to specifically identify Seth Jepson and Shaun Carstensen as the real defendants. Williams countered that the trial court should dismiss the complaint and deny the Sulzens' motion to amend because they had neither stated an actionable claim against her, nor properly served Seth Jepson. On September 25, the trial court granted Williams's motion to dismiss. The complaint, the court ruled, failed to allege any special circumstances or relationship that imposed a duty on Williams, toward the plaintiffs, for the conduct of her minor son. Moreover, the court ruled, Seth Jepson was neither named as a party nor served with process.[2] Consequently, the court dismissed the complaint against Williams without prejudice. In turn, Barry Carstensen filed a motion to dismiss, incorporating Williams's arguments by reference.

---

1. The Sulzens filed a second action, which was dismissed on statute of limitations grounds. Sulzens also appealed that decision. The two appeals were consolidated on this court's own motion.

2. The trial court did not explain the relevance of this latter observation in light of Rule 4(b), Utah Rules of Civil Procedure, which gives a plaintiff 120 days in which to serve a defendant.

¶5 Meanwhile, the Sulzens filed a motion to amend their complaint, arguing Rule 15 of the Utah Rules of Civil Procedure permitted them to cure their mistaken caption by amendment. The Sulzens also argued that granting their motion to amend would nullify Barry Carstensen's motion to dismiss. Barry Carstensen countered that the Sulzens' proposed amended complaint introduced no new material facts and was an attempt to circumvent the statute of limitations for filing a claim against Shaun Carstensen.

¶6 On December 30, 1996, the trial court denied the Sulzens' motion to amend their complaint. The court ruled that the amended complaint set forth no new material facts and that the Sulzens' claim against Shaun Carstensen "may be legally insufficient or futile, for failure to give notice, and failure to serve during the appropriate time frame."

¶7 The Sulzens appealed this ruling, challenging the trial court's apparent conclusion that the statute of limitations had run and that their effort to amend their complaint was thus futile. The Sulzens contended that the statute of limitations was tolled with respect to Brandon Holton because he was a minor. Additionally, the Sulzens argued they were entitled to amend their complaint under Rule 15's "relation back" doctrine and liberal amendment policy.

¶8 On March 21, 1997, while their appeal was pending before this court, the Sulzens filed a second action naming Seth Jepson and Shaun Carstensen as defendants, sued through their legal guardians. Once again, the Sulzens filed their claim both individually and on behalf of Brandon Holton.

¶9 Jepson subsequently filed a Rule 12(b)(6) motion for dismissal of the second complaint, or, in the alternative, a motion for summary judgment in his favor. According to Jepson, the Sulzens' claims were barred by the applicable statute of limitations, which requires claimants to bring actions "for recovery of damages for a death caused by the wrongful act or neglect of another" within two years. Utah Code Ann. § 78–12–28(2) (Supp.1998). Jepson asserted that, because Elizabeth Holton was killed in July 1994 and the Sulzens were appointed as Brandon's guardians in November of that same year,

the Sulzens filed their March 21, 1997, complaint well past section 78–12–28(2)'s two-year deadline. In later pleadings, Jepson further contended that Utah Code Ann. § 78–12–36 (1996), which tolls statutes of limitations for minors during their minority, did not apply to Brandon Holton's claim. A 1987 amendment to section 78–12–36, Jepson claimed, removed minors with legal guardians from the scope of the statute's tolling provision. Hence, Jepson argued that since Brandon's grandparents had been appointed his legal guardians, section 78–12–36 did not toll the statute of limitations pertaining to his claim.

¶10 The trial court agreed, granted Jepson's motion, and dismissed the Sulzens' second complaint as barred by section 78–12–28(2)'s limitations period. The Sulzens again appealed. In the interest of judicial economy, we consolidated the Sulzens' two appeals. For reasons which will become clear, we focus our decision all but exclusively on the first appeal.

## ISSUES AND STANDARD OF REVIEW

¶11 The Sulzens appeal the trial court's grant of Jepson's motion to dismiss and denial of the Sulzens' motion to amend their complaint in their first action, which rulings were based on (1) the court's conclusion that the amendment sought by the Sulzens set forth no new material facts; (2) statute of limitations concerns; and (3) concerns with the timeliness of service of process. The Sulzens also appeal the trial court's grant of Jepson's motion to dismiss and/or motion for summary judgment in their second action, which ruling was based solely on the statute of limitations.

¶12 "The standard of review of a denial to amend pleadings is abuse of discretion." *Kasco Servs. Corp. v. Benson*, 831 P.2d 86, 92 (Utah 1992). Because they present questions of law, in reviewing summary judgments and rule 12(b)(6) dismissals "we accord no deference to the trial court's determinations and review the issues under a correctness standard." *Harmon City, Inc. v. Nielsen & Senior*, 907 P.2d 1162, 1167 (Utah 1995).

## AMENDMENT OF THE COMPLAINT

■ ¶ 13 Rule 15(a) mandates that leave to amend pleadings "shall be freely given when justice so requires." Utah R. Civ. P. 15(a). Moreover, "rule 15 should be interpreted liberally so as to allow parties to have their claims fully adjudicated." *Timm v. Dewsnup*, 851 P.2d 1178, 1183 (Utah 1993). "When the statute of limitations has expired before an amendment to a pleading is made, the amendment must relate back to the date of the original complaint if the amendment is to be effective." *Wilcox v. Geneva Rock Corp.*, 911 P.2d 367, 369 (Utah 1996).

■ ¶ 14 The relation back doctrine is governed by Utah Rule of Civil Procedure 15(c), which provides that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Utah R. Civ. P. 15(c).

[W]hile "generally Rule 15(c) ... will not apply to an amendment which substitutes or adds new parties for those brought before the court by the original pleadings," [the Utah Supreme Court has] made an exception to the general rule. "The exception operates where there is a relation back, as to both plaintiff and defendant, when new and old parties have an identity of interest; so it can be assumed or proved the relation back is not prejudicial."

*Wilcox*, 911 P.2d at 369 (quoting *Doxey–Layton Co. v. Clark*, 548 P.2d 902, 906 (Utah 1976) (alterations in original)).[3] Parties have an identity of interest when "the real parties in interest were sufficiently alerted to the proceedings, or were involved in them unofficially, from an early stage." *Doxey–Layton Co.*, 548 P.2d at 906. "[T]he rationale underpinning [the identity of interest] exception is one which obstructs a mechanical use of a statute of limitations; to prevent adjudication of a claim." *Id.*

■ ¶ 15 In this case, the parents incorrectly named as defendants in the original complaint's caption—i.e., named in the wrong place in the caption's phraseology[4]—had an identity of interest with their children, and thus relating the Sulzens' amendment back would not have been prejudicial. Both Jepson's and Carstensen's parents were served with the complaint, the body of which clearly identified Jepson and Carstensen as the negligent parties, and service on the two minors, both over 14 at the time of service, could properly be accomplished by service on their parents, provided that service occurred at the boys' homes. *See* Utah R. Civ. P. 4(e). Under these circumstances, it is entirely reasonable to assume that Jepson and Carstensen were sufficiently alerted to the proceedings, and that they thus had sufficient identity of interest with their parents, to make relation back appropriate. *See Wilcox*, 911 P.2d at 370 (" 'If the body of the complaint correctly identifies the party ... courts generally will allow an amendment under Rule 15 to correct technical defects in the caption.' ") (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* 2d § 1321, at 728–30 (1990)). *Cf. Russell v. Standard Corp.*, 898 P.2d 263, 265 (Utah 1995) (noting that identity of interest exists when existing parties and those sought to be added are so closely related " 'that notice of the action against one serves to provide notice of the action to the other' ") (citation omitted).

¶ 16 Accordingly, under Rule 15's liberal amendment and relation back precepts, we conclude the trial court abused its discretion in refusing to permit the Sulzens to amend their complaint in their first action to substi-

---

**3.** The Sulzens and Carstensen cite the opinion in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), as providing the relevant test for relation back of an amendment. However, the *Schiavone* approach has likely been superseded by the amended Rule 15 of the Federal Rules of Civil Procedure and has been specifically disclaimed as the relevant relation-back test in Utah. *See Wilcox*, 911 P.2d at 370 (citing amended Fed.R.Civ.P. 15(c)(3) and noting "the federal rule was amended specifically in response to what the rule maker perceived as an arbitrary result in *Schiavone v. Fortune*.").

**4.** The Sulzens, for example, referred to "Anita Williams, mother and general guardian of Seth Jepson" when they instead should have referenced "Seth Jepson, by and through his mother and general guardian, Anita Williams."

tute Jepson and Carstensen for their respective parents in the caption.

## STATUTE OF LIMITATIONS

¶ 17 The Sulzens brought both their first and second actions individually and on behalf of Brandon Holton, a minor. Under section 78–12–36 of the Utah Code,

> [i]f a person entitled to bring an action, other than for the recovery of real property, is at the time the cause of action accrued, either under the age of majority or mentally incompetent and without a legal guardian, the time of the disability is not a part of the time limited for the commencement of the action.

Utah Code Ann. § 78–12–36 (1996). The Sulzens contend that this provision tolls the statute of limitations for a minor's claim during his or her minority regardless of whether the minor has a legal guardian. In other words, the Sulzens claim that section 78–12–36's "without a legal guardian" restriction applies only to mentally incompetent individuals, and not to minors. Accordingly, the Sulzens argue, section 78–12–36 tolled the statute of limitations for Brandon's wrongful death claim even though legal guardians had been appointed on his behalf.

¶ 18 In contrast, Jepson insists that, under the 1987 amendments to section 78–12–36, both minors and mentally incompetent individuals must be "without a legal guardian" for the statute to apply.[5] In other words, Jepson claims that "without a legal guardian" is a restriction applying both to individuals who are "mentally incompetent," and to those who are "under the age of majority."[6] Consequently, Jepson contends, section 78–12–36 did not toll the statute of limitations for Brandon's wrongful death claim because

Brandon had legal guardians during the limitations period.

¶ 19 Grammatically, both Jepson's and the Sulzens' constructions of section 78–12–36 are plausible. Under a plain reading of the provision, the "without a legal guardian" restriction could apply only to mentally incompetent individuals, or to both mentally incompetent individuals and minors. The provision's punctuation, or lack thereof, renders it capable of both meanings. Hence, section 78–12–36 is ambiguous because it "can reasonably be understood to have more than one meaning." *Evans v. State*, 963 P.2d 177, 184 (Utah 1998). Consequently, we "seek guidance from the legislative history and relevant policy considerations" to divine section 78–12–36's meaning and application. *In Re Worthen*, 926 P.2d 853, 866 (Utah 1996).

¶ 20 Before 1987, section 78–12–36 provided:

> If a person entitled to bring an action, other than for the recovery of real property, is at the time the cause of action accrued, either:
>
> (1) Under the age of majority; or,
>
> (2) Mentally incompetent and without legal guardian; or,
>
> (3) Imprisoned . . . [,]
>
> [t]he time of such disability is not a part of the time limited for the commencement of the action.

Utah Code Ann. § 78–12–36 (1977). With the objective of "removing imprisonment as a legal disability tolling the statute of limitation," the Legislature amended section 78–12–36 in 1987, removing certain language and making stylistic changes. 1987 Utah Laws ch. 19, § 5. Specifically, the Legislature re-

---

**5.** According to Jepson, this reading of the statute is mandated by *Jensen v. IHC Hosps., Inc.*, 944 P.2d 327 (Utah 1997). However, contrary to Jepson's assertion, *Jensen* did not address the situation present in this case. Instead, the Court addressed whether section 78–12–36 tolled a surviving minor's wrongful death action where *the deceased* "had an appointed guardian at the time of her death." *Id.* at 335. The Court held that, in that situation, section 78–12–36 does not toll a minor's claims because the wrongful death cause of action would properly be brought by the decedent's appointed guardian rather than by her

children. *See id.* Unlike the decedent in *Jensen*, Brandon's late mother had no appointed guardian when she died and Brandon, as an heir, would have standing to bring the claim. Accordingly, the *Jensen* holding has no bearing on this case.

**6.** In our estimation, such a restriction would apply to almost all minors given that the overwhelming majority of minors have a legal guardian, whether it be one or more parents, an appointed individual, or the State.

moved prisoners from the provision's scope and deleted the provision's numbering scheme, since it now dealt with only two categories instead of three. *See id.*

¶ 21 Under Jepson's construction of section 78–12–36, in addition to removing imprisonment as a legal disability for tolling purposes, as it said it intended, the Legislature in 1987 also meant, without an equivalent declaration of intent, to substantially limit the benefit to minors of the statute's tolling provision. Based on the provision's legislative history, this is an incorrect reading of section 78–12–36. Before 1987, there was no question that "without a legal guardian" did not modify section 78–12–36's tolling provision for minors. The Legislature's only expressed purpose for the 1987 amendments was "removing imprisonment as a legal disability tolling the statute of limitation." 1987 Utah Laws ch. 19, § 5. This legislative history in no way supports Jepson's contention that the amendments had the intended effect of removing the statute's tolling protection for minors. Rather, the legislative history shows that the Sulzens' reading of section 78–12–36 is the correct interpretation.

¶ 22 In other words, notwithstanding the Legislature's 1987 amendments, the listing of individuals to whom section 78–12–36 applies should still be read in the disjunctive. Hence, as in its previous codifications, section 78–12–36 applies as follows:

> If a person entitled to bring an action, other than for the recovery of real property, is at the time the cause of action accrued, either [1] under the age of majority or [2] mentally incompetent and without a legal guardian, the time of the disability is not a part of the time limited for the commencement of the action.

Utah Code Ann. § 78–12–36 (1996).[7] Simply stated, while mentally incompetent individu-

als have to be without a legal guardian to fit within section 78–12–36's scope, minors do not.

¶ 23 In addition to comporting with the provision's legislative history, this reading of section 78–12–36 is in harmony with the policies underlying the provision. Section 78–12–36 "was obviously intended to prevent a person from losing the opportunity to bring a claim where circumstances precluded either proper notice or a realistic effort to pursue the claim." *Johnson v. State,* 945 P.2d 673, 674 (Utah 1997). This concern is especially present in section 78–12–36's application to minors. *See generally Lee v. Gaufin,* 867 P.2d 572, 578–79 (Utah 1993) (describing various protections of minors' interests given their legal incapacity); *Scott v. School Board,* 568 P.2d 746, 747 (Utah 1977) (same). If, as Jepson asserts, the 1987 amendments removed section 78–12–36's tolling effect for minors with guardians, circumstances could, and likely would, hinder such minors' proper notice of, or realistic opportunity to pursue, legal claims. *See Gaufin,* 867 P.2d at 578 (noting "parents and guardians [may] fail to assert a minor's claim because they are neglectful, unavailable, or disinterested, or because they have a conflict of interest in filing a lawsuit for the minor"). Consequently, such children could lose their opportunity to bring valid legal claims, eviscerating section 78–12–36's "obvious[ ] inten[t]." *Johnson,* 945 P.2d at 674.

¶ 24 To prevent such a dilemma, Utah courts refuse to recognize exceptions to the minority/tolling rule absent an express, unequivocal, and exacting legislative mandate. *See, e.g., Cole v. Jordan Sch. Dist.,* 899 P.2d 776, 778 (Utah 1995) ("[W]e are unconvinced that the legislature would dramatically depart from its general intent to protect the causes of minors without a more definite statement as to its intent to remove the

---

7. We recognize that the Court in *Jensen* read section 78–12–36 as follows:

   "If a person entitled to bring an action . . . is at the time the cause of action accrued, [i] either under the age of minority or mentally incompetent and [ii] without a legal guardian, the time of the disability is not a part of the time limited for the commencement of the action."

   944 P.2d at 335 (quoting Utah Code Ann. § 78–12–36) (alterations in original). However, as

discussed above, the *Jensen* court did not have before it the question we confront, and its segmentation of the provision, in dicta, cannot be carried over uncritically to this case for the purpose of our resolving a different question. *See id.* ("[The deceased's] children were not entitled to bring an action for wrongful death because [the decedent] had an appointed guardian at the time of her death.").

protection provided by the general tolling provision of section 78–12–36."); *Blum v. Stone,* 752 P.2d 898, 900 (Utah 1988) ("The sweeping scope of [Utah case law] requires that all statutes of limitation be tolled during minority unless the legislature enacts a specific exemption."). *See also Switzer v. Reynolds,* 606 P.2d 244, 247 (Utah 1980) (ruling that, because wrongful death "cause of action is a personal property right of the heir, [the wrongful death] limitation period is tolled during the period of a minor heir's disability").

¶ 25 Accordingly, because Brandon Holton was a minor when his cause of action accrued, the two-year limitation set forth in section 78–12–28(2) was tolled during his minority. Thus, the trial court erred insofar as it premised its decision not to permit amendment of the complaint on the belief that the statute of limitations would bar the complaint.[8]

## SERVICE OF PROCESS

¶ 26 The trial court agreed with Williams's contention that, because Seth Jepson had not been served with process, a Rule 15(c) amendment substituting him as a party was improper. However, "[t]he validity of [an] amendment under Rule 15(c) turns on actual notice, not on whether process has been served." *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 560 (7th Cir.1996). Both Seth Jepson and Shaun Carstensen certainly had notice of the Sulzens' claim by virtue of service on their legal guardians. Indeed, even if the caption had correctly listed them as defendants, service could still have been accomplished by serving Jepson's and Carstensen's guardians at home, and the boys would have been required to appear through their guardians. *See* Utah R. Civ. P. 4(e), 17(b).

¶ 27 Moreover, had the trial court permitted them to amend their complaint when first asked to do so, the Sulzens would have had ample time to serve Jepson and Carstensen. In actions such as the Sulzens', commenced by filing a complaint with the court, "the

summons together with a copy of the complaint shall be served no later than 120 days after the filing of the complaint." Utah R. Civ. P. 4(b). Had the trial court permitted their requested amendment, the Sulzens could have served Jepson and Carstensen well within this time frame. Indeed, timely service having been made on at least one defendant, the court could have—and under the circumstances, should have—allowed additional time to serve the newly-named defendants. *See* Utah Rule Civ. P. 4(b); *Valley Asphalt, Inc. v. Eldon J. Stubbs Constr., Inc.,* 714 P.2d 1142, 1143 (Utah 1986).

¶ 28 Finally, a court pursuing the "policy which favors resolution of disputes on the merits rather than technicalities," *Meyers v. Interwest Corp.,* 632 P.2d 879, 882 (Utah 1981), could simply have directed a corresponding amendment to the process already served on the minor defendants' guardians, albeit in the incorrect capacity. *See* Utah R. Civ. P. 4(i); *Meyers,* 632 P.2d at 882 (noting that "amendments are allowed to complaints *and process,* even though the amendment relates back to the time of original filing and even though, but for the right to amend, the limitation period would have run") (emphasis added). *Cf. Ballard v. Buist,* 8 Utah 2d 308, 333 P.2d 1071, 1073–74 (1959) (reversing to allow amendment of process and pleading to show plaintiff, an infant, bringing action through his guardian ad litem).

¶ 29 Insofar as the trial court premised its reluctance to permit the amendment on concerns about the lack of service of process on the minor defendants, we conclude those concerns were not well founded and presented no bar to Sulzens' request to amend their complaint.

## CONCLUSION

¶ 30 In the Sulzens' first action, the trial court abused its discretion in refusing to allow the Sulzens to amend their complaint so that the caption matched the text. Because the statute of limitations governing Brandon Holton's claim was tolled during his

---

8. It follows that the trial court in the second case likewise erred in dismissing that case as barred by the statute of limitations.

minority, the statute of limitations posed no bar to amendment of the complaint and no basis for dismissal of the action.[9] The trial court's concerns about service of process were likewise not well-founded and provided no basis on which to refuse leave to amend the complaint or to dismiss the action. The trial court's refusal to grant leave to amend and its dismissal of the first action are reversed and the case remanded for further proceedings consistent with this opinion. Specifically, the Sulzens may amend their complaint and the trial court should amend the process already served on the minor defendants' parents to reflect timely substitute service on the minor defendants themselves.

¶ 31 Reversed and remanded.

¶ 32 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, NORMAN H. JACKSON, Judge.

---

9. While it follows that the trial court erred in dismissing the second action as barred by the statute of limitations, in retrospect that action need never have been filed. To avoid confusion, dismissal of that action may stand, albeit for the simple reason that there is no need for this duplicative lawsuit.