2004 UT App 462

### Mark HERNANDEZ, Plaintiff and Appellee,

v.

### Kelly S. BAKER dba Performance Auto & Marine Supply, Performance Auto & Marine Supply Corp., and Does II through X, Defendants and Appellants.

No. 20030753–CA.

Court of Appeals of Utah.

Dec. 9, 2004.

Bryan J. Pattison, Durham Jones & Pinegar and Heath H. Snow, Barney & McKenna, St. George, for Appellants.

Thomas P. Isom, Pleasant Grove, for Appellee.

Before BILLINGS, P.J., BENCH, Associate P.J., and JACKSON, J.

## OPINION

JACKSON, Judge:

¶ 1 In the trial court, Mark Hernandez sought default judgments against Kelly Baker and Performance Auto & Marine Supply Corp. (Performance Auto). The trial court entered default judgments against both Baker and Performance Auto. Baker and Performance Auto moved to have the judgments set aside, but the trial court denied the motions. Baker and Performance Auto appeal. We vacate the default judgments and remand for further proceedings.

## ANALYSIS

### A. Claims Against Baker

¶ 2 Baker argues that the trial court erred in refusing to set aside the default judgment because he had a meritorious defense to the action. We review whether a defense is meritorious for correctness. *See Lund v. Brown*, 2000 UT 75, ¶ 12, 11 P.3d 277.

¶ 3 A court may "relieve a party … from a final judgment" because of "mistake, inadvertence, surprise, or excusable neglect." Utah R. Civ. P. 60(b). To obtain relief from a default judgment, a defendant must show: (i) "that the judgment was entered against him through excusable neglect (or any other reason specified in rule 60(b))," (ii) "that his motion to set aside the judgment was timely," and (iii) "that he has a meritorious defense to the action." *Erickson v. Schenkers Int'l Forwarders, Inc.*, 882 P.2d 1147, 1148 (Utah 1994) (citing *State ex rel. Utah State Dep't of Soc. Servs. v. Musselman*, 667 P.2d 1053, 1055–56 (Utah 1983) (plurality opinion)).

¶ 4 The trial court did not address the first two points, despite the parties' arguments. Baker asserts that because the trial court did not rule on these points, we should imply that they were met. We decline to do so. Instead, we remand this issue to the trial court to make findings and rulings.

¶ 5 "Although resolution of the above issue is dispositive of [Baker's] case, where an appellate court finds that it is necessary to remand for further proceedings, it has the duty of 'pass[ing] on matters which may then become material.' " *Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 22, 20 P.3d 388 (alteration in original) (citation omitted); *see also* Utah R.App. P. 30(a). Accordingly, upon passing on the third requirement to obtain relief from a default judgment, we hold that the trial court erred in ruling that Baker did not state meritorious defenses to each of Hernandez's claims.

¶ 6 The trial court took the standard for the meritorious defense requirement from *Musselman*, ruling that Baker did not "set forth specific and sufficiently detailed

facts." The trial court erred in relying on the *Musselman* plurality because *Lund v. Brown*, a later case, clearly announces the applicable standard: a party must "present[ ] a clear and specific proffer of a defense that, if proven, would preclude total or partial recovery by the claimant." 2000 UT 75 at ¶ 29, 11 P.3d 277. Thus, it is the proffer of the defense, not the supporting facts, that must be "clear and specific." *Id.*

¶ 7 Hernandez's complaint alleged four claims against Baker: (i) violations of the Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13–11–1 to –23 (2001), (ii) replevin, (iii) conversion or trespass to chattels, and (iv) punitive damages.

¶ 8 Against the first claim, Baker asserted two defenses, statutory compliance and the corporate shield defense. Both are valid defenses. That one complied with the statute is certainly a defense to the claim that one violated the statute. Moreover, Hernandez apparently concedes that the corporate shield defense can apply to the statutory and replevin claims because he argues only that this defense does not apply to the conversion claim.

¶ 9 And, Baker sufficiently proffered his asserted defenses to this claim. To "proffer a defense," a party does not have to specifically name the defense and does not have to prove the defense. *Lund*, 2000 UT 75, ¶¶ 29, 30, 11 P.3d 277. In *Lund*, to defend against a breach of contract claim, a party alleged that it acted in accordance with the contract. *See id.* Thus, the court held that the party had sufficiently proffered a "nonfrivolous and meritorious defense." *Id.* at ¶ 29. Baker similarly asserted in his affidavits that he complied with the Disposal of Property by Lienholder statute, Utah Code section 38–2–4. *See* Utah Code Ann. § 38–2–4 (2000). Baker's statements sufficiently proffer the statutory compliance defense.

¶ 10 Baker also proffered the corporate shield defense. Baker's Answer specifically states that Performance Auto, "a Utah corporation, may have had business dealings with Hernandez," and that he "specifically den[ied] that Baker in his individual capacity had any dealings whatsoever with Hernan-

dez." Moreover, Baker's first affidavit states that after he incorporated Performance Auto, he "kept all corporate formalities" and "bifurcated [his] personal affairs from the affairs of Performance [Auto]." Thus, Baker sufficiently proffered both the corporate shield and the statutory compliance defenses to the statutory claim.

¶ 11 In answer to the second claim, Baker proffered the corporate shield defense by incorporating these statements. Therefore, Baker also sufficiently proffered the corporate shield defense to the replevin claim.

¶ 12 Against the third claim, conversion, Baker again asserted the corporate shield defense. Hernandez argues that the corporate shield defense does not apply to an intentional tort, including conversion. However, there is clear Utah authority to the contrary: " 'An employer is liable for the torts of its employees that are committed within the scope of employment, even if the tortious acts were intentional.' " *Diversified Holdings, L.C. v. Turner*, 2002 UT 129, ¶ 37, 63 P.3d 686 (quoting *Hodges v. Gibson Prods. Co.*, 811 P.2d 151, 156 (Utah 1991)). Hence, the corporate shield defense can apply to an agent's torts if the torts were committed in the scope of employment. At this stage, "a party need not actually prove its proposed defenses." *Lund*, 2000 UT 75 at ¶ 29, 11 P.3d 277. That is, Baker need not prove that the alleged torts were committed in the scope of employment to obtain relief from the default judgment. Instead, Baker only needed to sufficiently suggest that the torts arose from his employment with Performance Auto, and he did. Consequentially, Baker proffered the corporate shield defense to the conversion claim.

¶ 13 The fourth claim, punitive damages, requires proof of some underlying tort and that the tortfeasor's acts were "willful and malicious or intentionally fraudulent," or done with a "knowing and reckless indifference" for others. Utah Code Ann. § 78–18–1(1)(a) (2000). Baker denies having had this mental state, and such denials are clearly a defense to the claim. Thus, Baker sufficiently proffered a defense to the punitive damages claim.

¶ 14 In short, the trial court's refusal to set aside the default judgment was incorrect. Thus, we vacate the default judgment against Baker. We remand to the trial court to determine whether Baker satisfied the rule 60(b) reason and the timeliness requirements. We hold that Baker satisfactorily proffered a meritorious · defense to each of the four claims.

### B. Claims Against Performance Auto

¶ 15 Performance Auto argues that we must set aside the entry of default judgment against it because the trial court never had jurisdiction over it. Performance Auto claims that the trial court lacked jurisdiction because Hernandez did not name Performance Auto in the filed complaint and did not serve Performance Auto with a complaint. In his original complaint, Hernandez named only Baker as a defendant. After Baker asserted the corporate shield defense, Hernandez moved for leave to amend the complaint to include Performance Auto. The trial court granted Hernandez's motion to amend. But, Hernandez failed to file the amended complaint and failed to serve Performance Auto with the complaint.

¶ 16 Generally, a court does not have jurisdiction until the action is commenced, and to commence an action, a party must "fil[e] a complaint with the court," or "serv[e] ... a summons together with a copy of the complaint." Utah R. Civ. P. 3(a). However, an amended complaint that "adds new parties" is considered to have been commenced without service if the "new and old parties have an identity of interest." *Sulzen v. Williams,* 1999 UT App 76, ¶ 14, 977 P.2d 497 (quotations and citations omitted). In *Sulzen,* the complaint incorrectly named parents rather than their children as defendants. *See id.* at ¶¶ 3–4, 15. The court ruled that in that case that the parents and children had an "identity of interest," the children "certainly" had actual notice of the claim, and the plaintiffs could have properly served the children in the same way that they had served the parents. *Id.* at ¶¶ 15, 26. Hence, we

held that where there is an identity of interest, " '[t]he validity of [an] amendment ... turns on actual notice, not on whether process has been served.' " *Id.* at ¶ 26 (quoting *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 560 (7th Cir.1996)). Thus, if there is an identity of interest between Baker and Performance Auto and if Baker had actual notice of the amended claim in a timely manner, then the court had jurisdiction over Performance Auto.

¶ 17 There is, however, no evidence in this case whether an identity of interest exists. We note that in *Sulzen* the parents and children had truly identical economic and legal interests. In this case, the record only states that Baker is "a" shareholder and the president of Performance Auto. The record does not otherwise inform us on the issue. Thus, we must remand this issue to the trial court for further determination.[1]

¶ 18 Whether or not the court had jurisdiction over Performance Auto, the court violated Performance Auto's due process rights by entering default judgment before Performance Auto had the opportunity to defend itself. In *Nelson v. Adams USA, Inc.,* Adams obtained a judgment against a corporation, of which Nelson was the president and sole shareholder. *See* 529 U.S. 460, 462–63, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000). Fearing that the corporation lacked assets to satisfy the judgment, Adams moved both to amend the complaint to add Nelson as a party and for the court to enter judgment against Nelson. *See id.* The trial court granted both motions, entering a judgment against Nelson before the amended complaint had been filed or served. *See id.* at 463, 120 S.Ct. 1579. The United States Supreme Court held that the trial court violated Nelson's due process rights by entering a judgment before Nelson had the opportunity to respond and contest liability. *See id.* In this case, also, the trial court entered a judgment against Performance Auto before giving it the opportunity to respond to the amended complaint. Thus, even if the court finds that it has jurisdiction, it must permit

---

1. Here also, because we remand on for further proceedings, we have the duty of passing on additional matters. *See Bair v. Axiom Design, L.L.C.,* 2001 UT 20, ¶ 22, 20 P.3d 388; *see also* Utah R.App. P. 30(a).

Performance Auto to respond to the complaint and assert defenses before the court enters judgment.

¶ 19 In conclusion, we vacate the entry of default judgment against both Baker and Performance Auto. We remand for the trial court to determine whether Baker satisfied the first two portions of the test for vacating a default judgment, and we reverse the court's rulings that Baker did not state meritorious defenses for any of Hernandez's claims. Additionally, we remand to the trial court to determine whether Baker had actual knowledge of the amended complaint and whether Baker had an identity of interest with Performance Auto sufficient to confer jurisdiction under *Sulzen,* 1999 UT App 76 at ¶ 14, 977 P.2d 497. If the court does find that it properly exercised jurisdiction over Performance Auto, the court must then give Performance Auto an opportunity to defend itself in this matter.

¶ 20 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and RUSSELL W. BENCH, Associate Presiding Judge.