2003 UT App 157

**Nana G. PENROSE, Plaintiff and Appellant,**

v.

**Bryant ROSS, an individual (formerly identified as Doe 1); Christopher Ross, an individual; Does 2–5, inclusive, whose true names are not known to plaintiff, Defendants and Appellee.**

No. 20010943 CA.

Court of Appeals of Utah.

May 22, 2003.

Scott N. Cunningham, Salt Lake City, for Appellant.

Michael W. Wright and Richard K. Glauser, Salt Lake City, for Appellee.

Before Judges DAVIS, GREENWOOD and THORNE.

## OPINION

GREENWOOD, Judge:

¶ 1 Nana Penrose (Penrose) appeals the trial court's grant of summary judgment for defendant, Bryant Ross (Ross), claiming error in the court's determination that her

amended complaint does not properly relate back to the original complaint. We affirm.

## BACKGROUND

¶ 2 On November 17, 2000, just days prior to the expiration of the statute of limitations on her claim, Penrose filed a complaint for negligence (Original Complaint) against Christopher Ross (Father) and Does 1–5. In the Original Complaint, Penrose alleged that she was traveling southbound on 900 East when Father and Does 1–5 pulled out of a parking lot and hit her car. Penrose claimed that Father and Does 1–5 were negligent in: failing to pay attention to existing and changing traffic conditions; failing to look out for vehicles on the road, resulting in a traffic ticket; driving too fast; and driving and operating an automobile improperly. Penrose claimed damages from serious injuries she sustained, resulting in permanent impairment, mental anguish, sleeplessness, nausea, headaches, and dizziness. Penrose additionally sought damages exceeding $3,000 for various medical services.

¶ 3 On December 27, 2000, after the statute of limitations had run, Penrose filed an Amended Complaint, identifying Doe 1 as Ross, Father's son. Penrose's Amended Complaint names Father as the owner of the vehicle but alleges that the negligent party was Ross, who was driving the car, not Father. Aside from the change in the identity of the negligent party, all other allegations as to cause and injury remained the same as in the Original Complaint.

¶ 4 Father responded to the Original Complaint on January 2, 2001, denying significant parts.[1] Father also filed an affidavit on January 5, 2001, stating that although he was the owner of the vehicle involved in the accident, he was not the driver. Father included a copy of the police report that identified Ross as the driver of the car that collided with Penrose.

¶ 5 Ross filed a Motion for Summary Judgment, claiming the action against him was barred by the statute of limitations. Father also filed a Motion for Summary Judgment, arguing that because Penrose had amended her complaint alleging that Ross was the true driver of the vehicle, he could not be liable.

¶ 6 The trial court granted Ross's Motion for Summary Judgment, determining that the statute of limitations had run and that no identity of interest existed between Father and Ross. The trial court also granted Father's Motion for Summary Judgment, concluding that a "cause of action for negligence may not be made out solely on the basis of ownership." Penrose appeals the summary judgment granted to Ross.

## ISSUE AND STANDARD OF REVIEW

¶ 7 Penrose contends that the trial court erred in granting Ross's Motion for Summary Judgment. "In considering an appeal from a grant of summary judgment, we view the facts in a light most favorable to the losing party below. And in determining whether those facts require, as a matter of law, the entry of judgment for the prevailing party below, we give no deference to the trial court's conclusions of law: those conclusions are reviewed for correctness." *Blue Cross & Blue Shield v. State*, 779 P.2d 634, 636 (Utah 1989).[2]

## ANALYSIS

¶ 8 The traffic accident from which this suit arose occurred on November 21, 1996. Thus, the statute of limitations for Penrose's claim of negligence expired on November 21, 2000. *See* Utah Code Ann. § 78–12–25(3) (2002) ("An action may be brought within four years: . . . for relief not otherwise provided for by law."); *see also State Bank of S. Utah v. Troy Hygro Sys.*, 894 P.2d 1270, 1274 (Utah Ct.App.1995) (stating claims of negligence are governed by Utah Code Ann. § 78–15–25(3)). On November 17, 2000, just

---

1. Father's response to the Original Complaint and Penrose's Amended Complaint appear to have crossed in the mail.

2. Although Penrose asserts that the trial court's findings of fact are inadequate, we believe the undisputed facts contained in the court's Findings of Fact and Conclusions of Law are sufficient as a matter of law to support its grant of summary judgment.

four days before the expiration of the statute of limitations, Penrose filed her Original Complaint, asserting that Father's negligent driving resulted in an accident injuring Penrose. Penrose properly filed an Amended Complaint prior to service of Father's responsive pleading. *See* Utah R. Civ. P. 15(a) ("A party may amend his pleading once as a matter of course at any time before a responsive pleading is served ...."). However, the Amended Complaint, filed on December 27, 2000, naming Ross as defendant Doe 1, was filed after the statute of limitations expired. Therefore, the issue before this court is whether the Amended Complaint properly relates back to the Original Complaint, thus permitting Penrose to pursue her action against Ross.

¶ 9 Utah Rule of Civil Procedure 15(c) governs the relation back of amendments, stating: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." *Id.* Rule 15(c) further "allows a plaintiff to cure defects in his or her original complaint despite the intervening running of a statute of limitations." *Russell v. Standard Corp.*, 898 P.2d 263, 265 (Utah 1995). Generally, however, rule 15(c)

> will not apply to an amendment which substitutes or adds new parties for those brought before the court by the original pleadings ....
>
> There is an exception to this rule. The exception operates where there is a relation back, as to both plaintiff and defendant, when new and old parties have an *identity of interest;* so it can be assumed or proved the relation back is not prejudicial. The rationale underpinning this exception is one which obstructs a mechanical use of a statute of limitations; to prevent adjudication of a claim.

*Doxey–Layton Co. v. Clark,* 548 P.2d 902, 906 (Utah 1976) (emphasis added); *see also Vina v. Jefferson Ins. Co. of N.Y.,* 761 P.2d 581, 586 (Utah Ct.App.1988) (applying identity of interest rule laid out in *Doxey–Layton* ). "An identity of interest exists 'when

"the real parties in interest were sufficiently alerted to the proceedings, or were involved in them unofficially, from an early stage." ' " *Nunez v. Albo,* 2002 UT App 247,¶ 29, 53 P.3d 2 (quoting *Sulzen v. Williams,* 1999 UT App 76,¶ 14, 977 P.2d 497 (quoting *Doxey–Layton,* 548 P.2d at 906)), *cert. denied,* 59 P.3d 603 (Utah 2002).

¶ 10 Citing the above cases, Penrose argues that there is an "identity of interest" when the real party is alerted to the proceeding so as to avoid prejudice. Penrose reasons that it is reasonable to assume that Father told Ross he was served with a complaint asserting damages resulting from the accident involving Ross because (1) Father was served at the same residence as Ross, (2) Father knew Ross was driving his car and was in an accident, (3) Father knew he was not the driver involved in the accident, (4) Ross was insured by Father's insurance policy, and (5) Father and Ross have the same attorney. Therefore, Penrose argues, Ross had notice of the lawsuit and would not be prejudiced by being added as a named party in the Amended Complaint.

¶ 11 Ross argues that Utah courts have allowed the relation back of amendments to complaints incorporating newly named parties in two types of cases: (1) in so called "misnomer cases," and (2) where there is a true "identity of interest." We agree, but determine this case does not fit either.

¶ 12 In the misnomer cases, Utah has permitted amendments where the complaint contains a technical defect in the naming or identification of a party.

> "A misnomer is involved when the correct party was served so that the party before the Court is the one Plaintiff intended to sue, but the name or description of the party in the Complaint is deficient in some respect." 6A [Charles A. Wright, Arthur R. Miller & Mary Kay Kane] *Federal Practice and Procedure* § 1498 (2d ed.1990). Furthermore, "[i]f the body of the complaint correctly identifies the party, or if the proper person has actually been served with process, courts generally will allow an amendment under Rule 15 to correct technical defects in the caption.

This seems appropriate inasmuch as a defective caption or even its complete absence is merely a formal error and never shall be viewed as a fatal defect." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1321, at 728–30 (2d ed.1990) (footnotes omitted). *Wilcox v. Geneva Rock Corp.*, 911 P.2d 367, 370 (Utah 1996) (alteration in original). As explained in *Otchy v. City of Elizabeth Bd. of Educ.*, 325 N.J.Super. 98, 737 A.2d 1151 (App.Div.1999), in misnomer cases, the correction of a party name is a " 'formal' " change, rather than a " 'substantial' " change; thus, amending the complaint "does not affect the rights of the added party, and ... fairly relate[s] back to the original filing[,] despite the running of the statute of limitations." *Id.* at 1155.

¶ 13 For example, in *Sulzen v. Williams*, a woman was hit and killed by a rock dislodged by two minors hiking above her. *See* 1999 UT App 76 at ¶ 2, 977 P.2d 497. In a suit for negligence, the named defendants were the mother and guardian of one of the minors, and the father and guardian of the other minor. *See id.* at ¶ 3. However, the text of the complaint alleged that the minors were the negligent parties. *See id.* at ¶ 4. The trial court granted the parents' motion for summary judgment and prohibited the plaintiffs from amending the complaint to name the minors as defendants because the statute of limitations had run and the parents were admittedly not negligent. *See id.* at ¶¶ 5–9. On appeal, this court reversed, stating that the complaint could properly be amended because the parents "had an identity of interest with their children, *and thus* relating the [plaintiffs'] amendment back would not have been prejudicial." *Id.* at ¶ 15 (emphasis added). Because "the parents [were] incorrectly named as defendants in the original complaint's caption—i.e., named in the wrong place in the caption's phraseology," we reasoned that although a mistake was made in the naming of the parties, the minor children "were sufficiently alerted to the proceedings, and that they thus had sufficient identity of interest with their parents, to make relation

back appropriate." *Id.* (footnote omitted); *see also Wilcox*, 911 P.2d at 370–71 (permitting an amendment to a complaint that incorrectly named "Geneva Rock Co.," rather than "Geneva Rock Products, Inc.," where the summons correctly listed the company name and the vice president was properly served); 5 Wright & Miller, *supra*, § 1321 ("If the body of the complaint correctly identifies the party ... courts generally will allow an amendment under [r]ule 15 to correct technical defects in the caption.").

¶ 14 This is not the case presented here. Unlike *Sulzen*, where the correct party was specifically identified in the text of the complaint as the negligent party, *see id.* 1999 UT App 76 at ¶ 4, 977 P.2d 497, Ross was not identified in any capacity in the Original Complaint. Here, there was no misnomer or "technical" mistake; Penrose purposefully sued Father for negligence and sought to add Ross as a defendant and the negligent party after the expiration of the statute of limitations. Furthermore, it cannot be argued that Penrose merely made a technical mistake in naming Father as the negligent driver, because, as evidenced by the police report, Penrose was given notice at the scene of the accident that Ross was the driver and Father was the owner of the vehicle.[3]

¶ 15 Having determined that the present case is not a misnomer case, we next determine whether a true identity of interest exists, permitting the amended complaint to relate back. If an identity of interest is established, a party generally cannot be prejudiced. *See Doxey–Layton Co. v. Clark*, 548 P.2d 902, 906 (Utah 1976) (stating amendment permitted "where there is a relation back, ... when new and old parties have an identity of interest; so it can be assumed or proved the relation back is not prejudicial"); *Vina v. Jefferson Ins. Co. of N.Y.*, 761 P.2d 581, 586 (Utah Ct.App.1988) (same).

¶ 16 Black's Law Dictionary defines "identity" as "[t]he identical nature of two or more things." Black's Law Dictionary 748 (7th ed.1999). Webster's defines identity as

---

3. The original police report clearly lists Father as owner of the vehicle, Ross as the driver of the vehicle, and specifically charges Ross with "Improper Look Out."

"sameness of essential or generic character in different instances" and "the condition of being the same with something described or asserted." Webster's Ninth New Collegiate Dictionary 597 (1986). Therefore, an identity of interest requires parties to have the "same" interest. This definition is supported by the Utah Supreme Court in *Attorney General v. Pomeroy*, 93 Utah 426, 73 P.2d 1277, 1294 (1937). In *Pomeroy*, the issue before the court was whether a final judgment as to one issue in a case with multiple parties was effective as to all parties for the purpose of an appeal.[4] *See id.* at 1294. The court applied the "identity of interest" test, which it defined as "whether the determination of the issues as to any defendant depends on or affects the determination of the issues as to the other defendants."[5] *Id.*

¶ 17 Similarly, in *Nunez v. Albo*, 2002 UT App 247, 53 P.3d 2, this court determined that an identity of interest existed between an employer and an employee, permitting an amendment to the complaint adding the employer as a party to the complaint. In *Nunez*, a malpractice action was filed against a physician alleging damages caused by the physician's performance of a medical treatment. *See id.* at ¶ 5. Nunez filed a motion to amend the complaint to name the physician's employer, the University of Utah Hospital (Hospital), as a defendant. *See id.* at ¶¶ 5–6. The trial court denied Nunez's motion and she appealed. *See id.* at ¶ 6. In determining whether the amended complaint related back to the original complaint, this court analyzed rule 15(c) and cases outlining the exception permitting the addition of parties where an identity of interest is established. *See id.* at ¶ 29.

¶ 18 We held that an identity of interest existed between the Hospital and the physician because the cause of action " 'arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading.' " *Id.* (quoting Utah R. Civ. P. 15(c)). This court also noted that the Hospital had potential vicarious liability as the employer of the physician. *See id.* at ¶¶ 27–34. Further, the University provided legal counsel for the physician, asserting that the physician was acting within the scope of his employment by the Hospital and was entitled to the protections of the Governmental Immunity Act.[6] *See id.*

█ ¶ 19 In *Nunez*, any disposition of the case against the physician would necessarily affect the Hospital's liability. Thus, an identity of interest existed because the legal position and defenses of the two parties were the "same." However, in the present case, had Penrose's Original Complaint properly named the parties, a disposition of the case against Father would not affect a determination as to Ross because the two parties do not have the *same* legal interest in the outcome of the case. Father's defense is that he was not negligent or liable because he was not the driver. On the other hand, Ross's affirmative defense focuses on the running of the statute of limitations. Even if the claim had been properly filed, Ross's defense would be that he did not act negligently. A disposition as to either party does not affect the claims or defenses available to the other

---

4. Determining whether an identity of interest exists is necessary in numerous contexts. *See, e.g., Doxey–Layton Co. v. Clark*, 548 P.2d 902, 905 (Utah 1976) (finding an identity of interest between decedent and heirs so as to permit an amendment adding heirs as parties); *Nunnelly v. First Fed. Bldg. & Loan Ass'n of Ogden*, 107 Utah 347, 154 P.2d 620, 626 (1944) (outlining rule to determine parties in a class action and requiring there be an identity of interest); *Conder v. Hunt*, 2000 UT App 105, ¶ 9, 1 P.3d 558 (noting that claim preclusion applies in limited exception for those in privity with one another evaluated by the parties' identity of interest); *James Constructors, Inc. v. Salt Lake City Corp.*, 888 P.2d 665, 669 (Utah Ct.App.1994) (stating an identity of interest exists between principal and surety in the context of indemnity).

5. *Attorney General v. Pomeroy*, 93 Utah 426, 73 P.2d 1277, 1294 (1937), implemented a rule that the statute of limitations for debt is extended by acknowledgment or partial payment. This rule was superceded by statute, as held in *State Bank of Southern Utah v. Troy Hygro Systems*, 894 P.2d 1270, 1276 (Utah Ct.App.1995). However, its analysis as to identity of interest was not affected.

6. *Nunez v. Albo*, 2002 UT App 247, 53 P.3d 2, also addressed rule 15(a) of the Utah Rules of Civil Procedure requiring that amendments should be permitted "when justice so requires." *Id.* at ¶ 19. That discussion appropriately focuses on prejudice.

party. Thus, where they do not have the "same" legal interest there is no identity of interest.

¶ 20 Had there been an identity of interest, there would necessarily be no prejudice. In *Nunez*, the court stated, "new defendants sought to be added *must* have an identity of interest with the original party named in the complaint, '*so* it can be assumed or proved the relation back is not prejudicial.'" *Id.* at ¶ 29 (emphasis added) (quoting *Wilcox v. Geneva Rock Corp.*, 911 P.2d 367, 369 (Utah 1996)); *see Doxey–Layton*, 548 P.2d at 905 (same). If prejudice alone dictated whether an identity of interest existed, the exception to amending complaints would swallow the rule and allow relation back whenever an unnamed party happened to know about the filing of a complaint. Therefore, because we find that no identity of interest exists between Father and Ross, we need not address whether there was prejudice. Furthermore, because there is no identity of interest Penrose's Amended Complaint cannot properly relate back.

## CONCLUSION

¶ 21 The trial court correctly determined there was no identity of interest between Father and Ross to permit relation back of the Amended Complaint adding Ross as a defendant. Relation as father and son and Ross's possible knowledge of the Original Complaint are insufficient to create a legal identity of interest in the lawsuit.[7] Thus, we affirm.

¶ 22 WE CONCUR: JAMES Z. DAVIS and WILLIAM A. THORNE JR., Judges.

---

**7.** We note that the relation-back provision is an exception to the statute of limitations. Penrose had four years to ascertain the identity of the driver of the car that allegedly injured her. She did not commence that inquiry early enough to avoid the expiration of the statute of limitations.