2007 UT App 93

**Tony TAN and CCI Project Management, Inc., as parties and assignees of Carl Creer; Fairway Marketing Strategies, Inc.; and Fairway Sales, L.L.C., Plaintiffs and Appellants,**

v.

**The OHIO CASUALTY INSURANCE COMPANY and John Henry Smith Insurance Company, Defendants and Appellee.**

No. 20060123–CA.

Court of Appeals of Utah.

March 15, 2007.

Daniel F. Bertch and Kevin K. Robson, Bertch Robson, Salt Lake City, for Appellants.

Barbara K. Berrett and Nathan C. Croxford, Berrett & Associates LC, Salt Lake City, for Appellee.

Before GREENWOOD, Associate P.J., BILLINGS and McHUGH, JJ.

## OPINION

GREENWOOD, Associate Presiding Judge:

¶ 1 Plaintiff Tony Tan appeals the trial court's grant of summary judgment in favor of Defendant The Ohio Casualty Insurance Company (the Insurance Company).[1] Tan

---

1. While the trial court granted Defendant's mo-    tion to dismiss, the motion should have been

argues that his amended complaint correcting the name of the Insurance Company related back to his original complaint, which was timely filed under rule 15(c) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 15(c). We agree and reverse and remand.

## BACKGROUND

¶ 2 On December 11, 2000, about 3580 scooters were stolen from Tan's storage facility. Tan filed an insurance claim with the Insurance Company for $134,015.78. The claim was denied based on the Insurance Company's assertion that Tan's insurance policy did not cover the storage facility serving as the delivery location for the scooters. Tan filed a lawsuit against what he thought was the Insurance Company one day before the three-year statute of limitations expired, alleging negligent misrepresentation, breach of fiduciary duty, breach of the duty of good faith and fair dealing, fraud, and equitable estoppel. He sued both "Ohio Casualty Group" and John Henry Smith Insurance Company.[2] The correct name of Tan's insurance company is "The Ohio Casualty Insurance Company" not "Ohio Casualty Group." Nowhere in the summons or the complaint did Tan refer to the correct name of the Insurance Company. However, an employee of the Insurance Company was timely served with process.[3] *See* Utah R. Civ. P. 4(b).

¶ 3 In January 2004, the Insurance Company filed a motion to dismiss on grounds that "Ohio Casualty Group" was a service mark, not a legal entity, and that a service mark cannot be sued.[4] In response, Tan filed an amended complaint to correct Defendant's name to The Ohio Casualty Insurance Company. The Insurance Company filed another motion to dismiss on grounds that Tan failed to sue the correct entity prior to the running of the statute of limitations and that Tan's amended complaint correcting the name did not relate back to the original complaint under rule 15(c) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 15(c).

¶ 4 After hearing arguments on the motion, the trial court dismissed Tan's claims against the Insurance Company, with prejudice, based upon the fact that Tan named the service mark, which has no identity, instead of the Insurance Company. The trial court also found that because the insurance policy provided Tan with notice of the real party, the misidentification was not a misnomer or a technical matter.

¶ 5 Tan appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 6 Tan appeals the trial court's grant of summary judgment, claiming the trial court erred in failing to analyze Tan's naming error as a misnomer which would allow the amended complaint to relate back to his timely filed complaint under rule 15(c) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 15(c). Motions for summary judgment should be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). "When reviewing a grant of summary judgment, we view all facts and reasonable

---

treated as a motion for summary judgment because the decision relied in part on matters outside the pleadings. *See Oakwood Vill. LLC v. Albertsons, Inc.*, 2004 UT 101, ¶ 12, 104 P.3d 1226 ("Rule 12(b) mandates that a motion to dismiss shall be converted into one for summary judgment if 'matters outside the pleadings are presented to and not excluded by the court' ")(quoting Utah R. Civ. P. 12(b)).

2. John Henry Smith Insurance Company sold Tan the Insurance Company policy.

3. According to testimony at oral argument, Sally Milburn was a claims adjustor who worked for the Insurance Company and another insurance company. She accepted service of Tan's summons and complaint on December 14, 2003. On March 2, 2004, Tan also served Michael Boucha,

the registered agent for the Insurance Company. Both employees were served within the 120 days required for service. *See* Utah R. Civ. P. 4(b)(i) ("[T]he summons together with a copy of the complaint shall be served no later than 120 days after the filing of the complaint").

4. The full service mark is "The Ohio Casualty Group of Insurance Companies." The service mark is used as a marketing device to cover five subsidiaries wholly owned by the Insurance Company. They are American Fire and Casualty Company; Avomark Insurance Company; Ohio Casualty of New Jersey, Inc.; Ohio Security Insurance Company; and West American Insurance Company.

inferences drawn therefrom in the light most favorable to the nonmoving party and review the trial court's conclusions of law for correctness." *Gary Porter Constr. v. Fox Constr., Inc.,* 2004 UT App 354, ¶ 10, 101 P.3d 371.

¶ 7 Tan also challenges the trial court's grant of summary judgment in light of rule 17(d) which allows persons doing business together under a common name to be sued under that common name. *See* Utah R. Civ. P. 17(d). A trial court's determination of whether two or more persons are doing business together for purposes of rule 17(d) is a "conclusion of law which we review for correctness." *Hebertson v. Willowcreek Plaza,* 923 P.2d 1389, 1392 (Utah 1996).

## ANALYSIS

### Relation Back Under Rule 15(c)

¶ 8 Tan contends that his amended complaint correcting the name of the Insurance Company "relates back" under rule 15(c) to his timely filed original complaint. Utah R. Civ. P. 15(c).

¶ 9 Rule 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

*Id.*

¶ 10 Generally, an amended pleading that substitutes or adds new parties will not relate back to the original filing date under rule 15(c). *See Wilcox v. Geneva Rock Corp.,* 911 P.2d 367, 369 (Utah 1996). However, there are exceptions that " 'operate[ ] where there is a relation back, as to both plaintiff and defendant, when new and old parties have an identity of interest; so it can be assumed or proved the relation back is not prejudicial.' " *Id.* (quoting *Doxey–Layton Co. v. Clark,* 548 P.2d 902, 906 (Utah 1976)). In *Geneva Rock,* the Utah Supreme Court emphasized that these exceptions avoid the " 'mechanical use of a statute of limitations; to prevent adjudication of a claim. Such is particularly valid where, as here, the real parties in interest were sufficiently alerted to

the proceedings.' " *Id.* at 370 (quoting *Doxey–Layton Co.,* 548 P.2d at 906).

¶ 11 As noted in *Geneva Rock,* rule 15 of the Federal Rules of Civil Procedure was amended in 1991 to deal specifically with a situation such as Tan's, where there is "an error in the name of a party against whom the claim is asserted." *Id.*; Fed.R.Civ.P. 15(c)(3).

Now federal rule 15(c)(3) allows amendment if conditions identical to those in Utah's rule 15(c) are satisfied and if ... "the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

*Geneva Rock,* 911 P.2d at 370 (quoting Fed. R.Civ.P. 15(c)(3)).

¶ 12 In *Geneva Rock,* the plaintiff incorrectly named the defendant in the complaint as "Geneva Rock Corporation, a Utah Corporation," rather than "Geneva Rock Products, Inc., a Utah Corporation." *Id.* at 368. The vice-president was served at Geneva Rock's corporate offices and the summons correctly named the company. *See id.* In reversing the grant of summary judgment, the Utah Supreme Court explained that the situation fell into the category of a misnomer. *See id.* at 371. " 'A misnomer is involved when the correct party was served so that the party before the Court is the one Plaintiff intended to sue, but the name or description of the party in the Complaint is deficient in some respect.' " *Id.* at 370 (quoting 6A Wright, Miller & Kane *Federal Practice and Procedure* § 1498, at 130 (1990)). The supreme court also stated:

Furthermore "[i]f the body of the complaint correctly identifies the party, or if the proper person has actually-been served with process, courts generally will allow an amendment under [r]ule 15 to correct technical defects in the caption. This seems appropriate inasmuch as a defective caption or even its complete absence is merely

a formal error and never shall be viewed as a fatal defect."

*Id.* (first alteration in original) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1321, at 728–30 (1990)); *see also Sulzen v. Williams*, 1999 UT App 76, ¶ 15, 977 P.2d 497 (holding relation back permitted where a complaint misnamed a parent as guardian, rather than the child by and through the parent as guardian). The *Geneva Rock* case also determined that Geneva Rock was not prejudiced by the correction in the amended complaint because it was served with the amended complaint within 120 days of the original filing date, as permitted by rule 4(b) of the Utah Rules of Civil Procedure, after the applicable statute of limitations had run. *See Geneva Rock*, 911 P.2d at 370; Utah R. Civ. P. 4(b).

¶ 13 This case differs from *Geneva Rock* in that Tan did not name the correct party in the summons. *See id.* at 368. The Insurance Company emphasized this distinction, stating, "This fact alone renders Tan's arguments based on [*Geneva Rock*] inapplicable to this matter." However, we believe that failing to name the correct party in the summons is not sufficiently significant to render *Geneva Rock* inapplicable given the circumstances of this case. Here, Tan served an employee of the Insurance Company with the original complaint and within the required 120 days served the amended complaint and summons on the Insurance Company's registered agent. Thus, a technical defect in the summons was not prejudicial.

¶ 14 The Insurance Company, however, directs us to *Penrose v. Ross*, 2003 UT App 157, 71 P.3d 631, the case the trial court relied upon. In *Penrose*, this court noted that there are two types of cases where relation back permits amended complaints with new parties: "(1) in so called 'misnomer cases,'" such as *Geneva Rock*, and "(2) where there is a true 'identity of interest.'" *Id.* at ¶ 11. We also characterized misnomer cases as those where there is a "technical defect in the naming or identification of a party," and concluded Penrose did not qualify under either category. *Id.* at ¶¶ 12, 14, 20.

¶ 15 In *Penrose*, we analyzed the facts under an identity of interest theory, and did not permit relation back where the plaintiff had attempted to add a new party in an amended complaint after the statute of limitations had run. *See id.* at ¶¶ 20–21. We concluded there was not an identity of interest between the teenage driver of a car involved in a car accident and his father, the owner of the car, in part because their defenses and potential liability were different. *See id.* at ¶¶ 19–20. Therefore, we determined that the plaintiff could not use rule 15(c) to add the driver as a defendant after the statute of limitations had run. *See id.; but cf. Nunez v. Albo*, 2002 UT App 247, ¶ 30, 53 P.3d 2 (holding that an identity of interest existed between the university and one of its doctors because "the University took steps to provide counsel for [the doctor] and required that all communications concerning [the plaintiff's] claim be sent to University's Risk Management attorney or to [the doctor's] counsel").

¶ 16 We conclude that *Penrose* is not applicable to Tan's complaint because this case involves a misnomer. In *Penrose* two separate and distinct defendants existed, both capable of being sued. Here there was only one entity to sue. The Insurance Company is the only insurance company that sold a policy to Tan insuring his scooters and, as both parties acknowledge, there is no legal entity known as Ohio Casualty Group. Further, the service mark and the Insurance Company share similar names, so the mistake is technical rather than substantive. Accordingly, *Penrose* does not control here.

¶ 17 In our estimation, the Insurance Company bears some blame for creating the confusion that led to Tan's mistake. The insurance policy declarations page states, in large bold letters, "The Ohio Casualty Group." In much smaller letters above, it reads "The Ohio Casualty Insurance Company." Because The Ohio Casualty Insurance Company falls under the marketing umbrella of The Ohio Casualty Group, there is little possibility that the Insurance Company was confused about whether it had been sued and for what reason.

¶ 18 In sum, Tan's mistake falls squarely into the category of a misnomer. Because this dispute involves the same plaintiff and

the same defendant, relation back in this case, just as in *Geneva Rock,* is not prejudicial to the Insurance Company. We therefore conclude that the trial court erred in dismissing Tan's claim because Tan's amended complaint, filed after the statute of limitations passed, related back to the timely filed original complaint under rule 15(c). *See* Utah R. Civ. P. 15(c).[5]

## CONCLUSION

¶ 19 The trial court erred in granting summary judgment to the Insurance Company because under rule 15(c) Tan's amended complaint, filed after the statute of limitations passed, related back to the timely filed original complaint. Therefore, we reverse and remand.

¶ 20 WE CONCUR: JUDITH M. BILLINGS and CAROLYN B. McHUGH, Judges.

---

5. Tan argues that rule 17(d) would also defeat the trial court's grant of summary judgment. *See* Utah R. Civ. P. 17(d). Because we reverse the trial court on the basis of relation back under rule 15(c), we need not consider alternative arguments. *See* Utah R. Civ. P. 15(c).