2013 UT App 206

# THE UTAH COURT OF APPEALS

LOU ANNE SWEAT,
Plaintiff and Appellant,
*v.*
JESS BOEDER AND SCHAFER BOEDER,
Defendants and Appellees.

Memorandum Decision
No. 20120397-CA
Filed August 22, 2013

Third District, Salt Lake Department
The Honorable L.A. Dever
No. 110900588

Scott T. Poston, Attorney for Appellant
Albert W. Gray and Trent D. Holgate, Attorneys
for Appellees

JUDGE WILLIAM A. THORNE JR. authored this Memorandum
Decision, in which JUDGES CAROLYN B. MCHUGH and
J. FREDERIC VOROS JR. concurred.

THORNE, Judge:

¶1 Plaintiff Lou Anne Sweat appeals from the district court's decision granting Defendants Jess Boeder (Father) and Schafer Boeder's (Son) (collectively, the Boeders) motion to dismiss for failure to state a claim. We affirm.

¶2 Sweat filed a complaint against Father on January 10, 2011, alleging that he was the driver who had crashed into the back of Sweat's vehicle when it was stopped at a traffic light on January 12, 2007. On April 14, 2011, Sweat filed an amended complaint adding Son in the case caption as a defendant but again alleging that Father was the driver in the automobile accident. On October 27,

2011, the Boeders filed a motion to dismiss for failure to state a claim stating that Father was not the driver and that the four-year statute of limitations had expired as to Son, who was the actual driver of the vehicle. The district court granted the Boeders' motion to dismiss.

¶3    Sweat argues that the district court erred in granting the motion to dismiss against Son based on the running of the statute of limitations. Specifically, Sweat contends that the relation back doctrine under Utah Rule of Civil Procedure 15(c) permits her amended complaint—adding Son as a defendant—to relate back to the timely filed original complaint. Rule 15(c) provides "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original proceeding." Utah R. Civ. P. 15(c).

¶4    Generally, an amended pleading that adds new parties will not relate back to the original filing. *Penrose v. Ross*, 2003 UT App 157, ¶ 9, 71 P.3d 631. There are, however, two types of cases where relation back under rule 15(c) permits amended complaints with new parties: "misnomer" and "identity of interest" cases. *Id.* ¶ 11 (internal quotation marks omitted). Here, the district court determined that the facts of this case are parallel to those in *Penrose*, wherein the court held that neither the misnomer nor identity of interest exception applied. We review the district court's rule 15(c) analysis under a correctness standard. *Gary Porter Constr. v. Fox Constr., Inc.*, 2004 UT App 354, ¶ 31, 101 P.3d 371.

¶5    Sweat argues that her initial naming of Father as the defendant was a misnomer because she reasonably relied upon the Salt Lake City Police Department driver exchange form identifying Father as both the driver and the owner of the automobile involved

in the accident with Sweat.[1] Sweat also argues that this is a misnomer case because Son was named in the caption of the amended complaint but inadvertently left out of the body of the amended complaint. However, neither scenario fits under the category of misnomer.

¶6 "A misnomer is involved when the correct party was served so that the party before the Court is the one Plaintiff intended to sue, but the name or description of the party in the Complaint is deficient in some respect." *Tan v. Ohio Cas. Ins. Co.*, 2007 UT App 93, ¶ 12, 157 P.3d 367 (citation and internal quotation marks omitted). Additionally, courts will generally allow an amendment under rule 15 to correct technical defects in the naming or identification of a party "[i]f the body of the complaint correctly identifies the party, or if the proper person has actually been served with process." *Id.* (citation and internal quotation marks omitted); *see also Penrose*, 2003 UT App 157, ¶¶ 12, 14.

¶7 This is not the case presented here. Sweat neither identified Son in any capacity in the original complaint nor served Son until after the expiration of the statute of limitations. Father and Son are two distinct defendants, each identified in different documents provided to Sweat prior to the running of the statute of limitations.[2] Because Son's identity as the driver was ascertainable and Son was neither served nor identified in the original complaint, this case does not involve a technical mistake. The addition or substitution

---

[1]Son, in his affidavit, averred that he gave the investigating officer his own name and showed the officer his driver license and the vehicle's registration. The citation that the investigating officer issued to Son was in Son's name, not Father's name.

[2]In December 2010, the Boeders' insurance company sent a settlement letter to Sweat's attorney identifying Son as the insured, stating, "Our Insured: Schafer C Boeder."

of Son as a defendant would amount to a substantial change and not merely a formality or technicality allowed under the relation back doctrine. Thus, this case does not involve a misnomer. Having so determined, we next consider whether Father and Son have an identity of interest permitting the amended complaint to relate back.

¶8 "Parties have an identity of interest when the real parties in interest were sufficiently alerted to the proceedings, or were involved in them unofficially, from an early stage." *Sulzen v. Williams*, 1999 UT App 76, ¶ 14, 977 P.2d 497 (citation and internal quotation marks omitted). To qualify as an identity of interest case, Sweat must establish that

> (1) the amended pleading alleged only claims that arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading and (2) the added party had received (actual or constructive) notice that it would have been a proper party to the original pleading such that no prejudice would result from preventing the new party from using a statute of limitations defense that otherwise would have been available.

*Ottens v. McNeil*, 2010 UT App 237, ¶ 43, 239 P.3d 308 (citation and internal quotation marks omitted). One of the ways to establish constructive notice is to prove "that the original and new party share 'the same interest' concerning the litigation, including their legal defenses and positions such that 'notice of the action against one serves to provide notice of the action to the other.'" *Id.* ¶ 45 (quoting *Penrose*, 2003 UT App 157, ¶¶ 15–19). This method of proving constructive notice is known as the "Notice Transfer Test." *Id.* (citation and internal quotation marks omitted).

¶9 Here, the district court in applying the Notice Transfer Test noted that the facts of this case are similar to those in *Penrose v. Ross*, 2003 UT App 157, 71 P.3d 631, and determined that the

identity of interest analysis in that case is relevant to this case. The *Penrose* court determined that the father and son in that case did not have an identity of interest because they did not have the same legal interest in the outcome of the case. As in *Penrose*, Father's defense is that he was not negligent or liable because he was not the driver and Son's affirmative defense focuses on the running of the statute of limitations. The legal position and defenses of the two parties are not the same and a disposition of either party does not affect the claims or defenses available to the other. *See id.* ¶ 19. Because the parties do not have the same legal interest there is no identity of interest. *See id.*

¶10    Since this case does not involve either a misnomer or an identity of interest, we conclude that the district court correctly declined to permit Sweat's amended complaint to relate back to the original complaint and therefore properly dismissed the case against Son based on the running of the statute of limitations.[3] Affirmed.

_____

[3]In her summary of the arguments, Sweat cursorily mentions that Son had actual knowledge—at the same time Father did—of the negligence claim asserted against Father. This court in *Ottens v. McNeil*, 2010 UT App 237, 239 P.3d 308, considered whether actual knowledge existed in that matter. *Id.* ¶ 50. However, in *Ottens* we found that unity of interest existed as to one of the claims. *Id.* ¶ 48. We have determined that there is no unity of interest here, and therefore we do not consider Sweat's actual knowledge argument.