2014 UT App 93

**Michael D. WRIGHT, Plaintiff and Appellant,**

v.

**PK TRANSPORT, Paradise Turf, and Richard Riding, Defendants and Appellees.**

**No. 20120239–CA.**

Court of Appeals of Utah.

April 24, 2014.

Randy S. Kester, for Appellant.

Paul M. Belnap and David E. Brown, for Appellees.

Judge MICHELE M. CHRISTIANSEN authored this Memorandum Decision, in which Senior Judge RUSSELL W. BENCH concurred.[1] JUDGE J. FREDERIC VOROS JR. concurred, with opinion.

Memorandum Decision

CHRISTIANSEN, Judge:

¶1 Michael D. Wright appeals from the district court's grant of summary judgment in favor of defendants Paradise Turf and Richard Riding (Appellees). We affirm.

¶2 The underlying cause of action involves a negligence claim stemming from a car accident that occurred on September 26, 2003. Wright filed a complaint against defendants PK Transport and William Dunn (the original defendants) on February 5, 2007, approximately seven months before the controlling four-year statute of limitations expired.[2] *See* Utah Code Ann. § 78B–12–25(3) (LexisNexis 2002); *DOIT, Inc. v. Touche, Ross & Co.*, 926 P.2d 835, 842 (Utah 1996) (explaining that negligence claims are governed by the catch-

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. "Because we are reviewing a grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to ... the nonmoving party." *Magana v. Dave Roth Constr.*, 2009 UT 45, ¶5, 215 P.3d 143 (citation and internal quotation marks omitted). Accordingly, we recite the facts in the light most favorable to Wright.

all four-year statute of limitations). On March 24, 2009, a full year and a half after the statute of limitations expired, Wright filed an amended complaint in which he added Appellees as additional defendants.[3] Appellees moved to dismiss Wright's complaint, arguing that the statute of limitations barred his claim. While recognizing that the statute of limitations had expired, Wright argued that amendment of his complaint was proper under the relation-back doctrine set forth in rule 15(c) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 15(c) ("Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."). Wright also moved for a continuance under rule 56(f), stating that no discovery had been conducted as to Appellees and that additional discovery would produce evidence of an identity of interest between the original defendants and Appellees. *See id.* R. 56(f).

¶ 3 Because the parties had "provided extensive recitations of factual assertions made outside the pleadings," the district court converted Appellees' motion to dismiss to one for summary judgment. *See id.* R. 12(b); *id.* R. 56(c); *see also Oakwood Vill. LLC v. Albertsons, Inc.,* 2004 UT 101, ¶ 12, 104 P.3d 1226. The district court determined that Wright's addition of Appellees in the amended complaint did not relate back to the original complaint and, therefore, that Wright's claims against Appellees were barred by the statute of limitations. The court then entered judgment in favor of Appellees, and Wright appeals.

¶ 4 On appeal, Wright argues that the district court erred in granting summary judgment in favor of Appellees. Wright asserts that the district court "misinterpreted the law" and incorrectly applied the relation-back doctrine in concluding that Wright's addition of Appellees did not relate back to the original complaint. "Summary judgment is appropriate only where there are no genuine issues of material fact and the moving

party is entitled to judgment as a matter of law." *Basic Research, LLC v. Admiral Ins. Co.,* 2013 UT 6, ¶ 5, 297 P.3d 578. "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness, and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson,* 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted).

¶ 5 "[T]here are limited circumstances when a claim against a new party may relate back to the original complaint. Utah courts have allowed the relation back of amendments to complaints incorporating newly named parties in two types of cases: (1) in so called misnomer cases, and (2) where there is a true identity of interest." *Ottens v. McNeil,* 2010 UT App 237, ¶ 43, 239 P.3d 308 (citation and internal quotation marks omitted). A misnomer case occurs when the correct party is served but the complaint contains some technical defect in the identification of the party. *Penrose v. Ross,* 2003 UT App 157, ¶ 12, 71 P.3d 631. No such misnomer is alleged to exist here. Thus, the principal question before us is whether Appellees shared an "identity of interest" with the original defendants. To prevail on his relation-back argument based on an identity of interest, Wright must establish two elements:

(1) the amended pleading alleged only claims that arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading and (2) the added party had received (actual or constructive) notice that it would have been a proper party to the original pleading such that no prejudice would result from preventing the new party from using a statute of limitations defense that otherwise would have been available.

*Id.* (citations and internal quotation marks omitted).

¶ 6 The first element of the identity of interest analysis—whether Wright's amendment was based on the same core of facts or

---

**3.** During the course of litigation, Wright settled his claims against the original defendants and stipulated to an order dismissing the complaint with respect to the original defendants.

occurrence set forth in his original complaint—is not in dispute. Rather, Wright argues that the district court erred in evaluating the second element—notice—by solely considering constructive notice under the Notice Transfer Test and failing to consider whether Appellees had received actual notice of the litigation.

## I. Notice

■ ¶ 7 In its written ruling granting summary judgment ruling, the district court stated, "According to the Utah Court of Appeals, in a case directly on point, 'relation back in the context of adding parties after the statute of limitations has expired is dependent ... on whether ... the legal positions of the original and proposed party are the same.' " (Quoting *Ottens v. McNeil*, 2010 UT App 237, ¶ 54, 239 P.3d 308) (second omission in. original). The court's statement refers to what has become known as the "Notice Transfer Test," *see Ottens*, 2010 UT App 237, ¶ 45, 239 P.3d 308, and is an accurate statement of the law to the extent that a party seeks to establish constructive notice under that test. But that is not the only analysis a court must undertake to determine whether relation· back is appropriate. Indeed, in *Ottens* we explained that the Notice Transfer Test is only "[o]ne of the ways to establish notice." *Id.; see also Gary Porter Constr. v. Fox Constr., Inc.*, 2004 UT App 354, ¶ 42, 101 P.3d 371 ("[T]he Notice Transfer Test is a test for constructive notice, and is merely one way of demonstrating that an added party had sufficient notice to avoid prejudice."). If constructive notice is not established, a court must also consider actual notice. *Ottens*, 2010 UT App 237, ¶ 50, 239 P.3d 308. Accordingly, because we concluded in *Ottens* that one of the added defendants did not have constructive notice within the limitations period under the Notice Transfer Test, we also considered "whether [the added defendant's] actual knowledge [could] be shown from other circumstances." *Id.*

¶ 8 The case of *Gary Porter Construction v. Fox Construction, Inc.*, 2004 UT App 354, 101 P.3d 371, provides further support for a two-part notice analysis. There, an excava-

tion subcontractor brought an action against a general contractor. *Id.* ¶ 6. The subcontractor later amended its complaint to add a surety as an additional defendant. *Id.* The district court granted the surety's motion for summary judgment after determining that no identity of interest existed between the surety and the original defendant contractor and ruling that the amended complaint did not relate back to the original complaint under rule 15(c). *Id.* ¶ 8. On appeal, we observed that "the parties and the trial court focused only upon the Notice Transfer Test" and that "[a]pplication of the relation back doctrine also would be appropriate if [the surety] had sufficient actual notice of the original pleading prior to the running of the statute of limitations." *Id.* ¶ 45. We noted that there were *"some indications* that [the surety] did have actual notice," *id.* ¶ 45 n. 13 (emphasis added), so we reversed the grant of summary judgment and remanded "for a determination of whether [the surety] had actual notice of the nature of [the plaintiff's] claims against [the original defendant], ... before the statute of limitations ran," *id.* ¶ 45.

¶ 9 In this case, the district court granted summary judgment based on its determination that the legal positions of Appellees and the original defendants were not the same under the Notice Transfer Test. However, as Wright points out, the court did not address whether Wright provided actual notice to Appellees. We discuss each type of notice in turn.

¶ 10 To establish that Appellees received constructive notice under the Notice Transfer Test, Wright must demonstrate that the original defendants and Appellees "share the same interest concerning the litigation, including their legal defenses and positions such that notice of the action against one serves to provide notice of the action to the other." *See Ottens*, 2010 UT App 237, ¶ 45, 239 P.3d 308 (citation and internal quotation marks omitted). In *Ottens*, the plaintiff brought a negligence suit against the original defendant after a chair fell from the back of the defendant's pickup truck while in transit on the freeway. *Id.* ¶ 7. The chair caused an accident that resulted in injury and damage. *Id.* After the statute of limitations expired,

the plaintiff sought to amend her complaint to add another defendant. *Id.* ¶ 14. An employee of the added defendant had helped secure the chair to the pickup truck. *Id.* ¶ 5. We noted that while both the original and added defendant "would assert that the chair was not negligently secured, they would be in direct disagreement as to which of them bears the risk of a contrary determination." *Id.* ¶ 55. We therefore determined that no identity of interest existed between the original and added defendant. *Id.* Consequently, we held that the added defendant did not have constructive notice by virtue of the Notice Transfer Test, and we ultimately concluded that the plaintiff's amendment to join the added defendant did not relate back to the original complaint and was thus barred by the statute of limitations. *Id.*

▮ ¶ 11 Here, one of the original defendants, Dunn, was involved in the underlying accident while driving a tractor-trailer that belonged to the other original defendant, PK Transport. Dunn was hauling trailers and sod that belonged to Appellees. As was the case in *Ottens,* Appellees and the original defendants may share a similar defense, such as an assertion that the accident was not the result of Dunn's negligence. However, as between them, Appellees and the original defendants have different, even directly conflicting, legal positions. Dunn has argued that he was the employee of either PK Transport or Appellees on the night of the accident and is entitled to indemnification from his employer. But the district court observed that "PK Transport and [Appellees] have presented conflicting deposition testimony regarding which of the entities requested Mr. Dunn's services in making the trip." Thus, each party's legal position is necessarily different from the other as each maintains that it is not liable because Dunn was not in its employ at the time of the accident. Additionally, the original defendants attempted to allocate fault to Appellees as non-parties in a rule 9 allocation of fault notice to Wright.[4] *See* Utah R. Civ. P. 9(*l*). Under these circumstances, it is clear that

the original defendants and Appellees "would be in direct disagreement as to which of them bears the risk" if a jury found Dunn's negligence to be the cause of the accident. *See Ottens,* 2010 UT App 237, ¶ 55, 239 P.3d 308. We therefore agree with the district court that Wright cannot establish that Appellees received constructive notice by virtue of the Notice Transfer Test. However, as discussed above, application of the relation-back doctrine may still be appropriate if Appellees received actual notice.

▮ ¶ 12 Actual notice for purposes of rule 15(c) requires that, prior to the running of the statute of limitations, the newly added party have notice of the plaintiff's claims and not merely notice of the underlying events. *See Ottens v. McNeil,* 2010 UT App 237, ¶ 50, 239 P.3d 308 (concluding that the plaintiff "did not present any evidence that could support a finding that [the added defendant] had actual knowledge of the *claims* asserted against [the original defendant] before the statute of limitations expired" (emphasis added)); *Gary Porter Constr.,* 2004 UT App 354, ¶ 45, 101 P.3d 371 ("Application of the relation back doctrine also would be appropriate if [the added defendant] had sufficient actual notice of the *original pleading* prior to the running of the statute of limitations." (emphasis added)). Wright argues that deposition testimony he submitted with his opposition to Appellees' motion to dismiss was sufficient to create at least a genuine factual issue regarding actual notice and to thereby defeat Appellees' motion, even if that motion was treated as one for summary judgment. *See Orvis v. Johnson,* 2008 UT 2, ¶ 6, 177 P.3d 600 ("Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " (quoting Utah R. Civ. P. 56(c))). Appellees argue that the record does not support a finding of actual notice because the earliest that they became involved in the lawsuit "in any way"

---

4. This allocation of fault notice could not have served as actual notice to Appellees for the purposes of this case because the original defendants

filed the notice after the statute of limitations had expired.

was on June 5, 2008—eight months after the statute of limitations expired—when Wright deposed Riding. Appellees also assert that Wright did not notify them of any claim until February 9, 2010, the date Appellees were served with the amended complaint. While Wright does not directly dispute these facts, he seeks to demonstrate actual notice based on an agency theory. Wright asserts that actual notice of the litigation to Appellees "is established by notice to Dunn." Dunn is one of the original defendants and, according to Wright, Appellees' agent.

¶ 13 Even assuming without deciding that Wright could demonstrate that Dunn was Appellees' agent at some point, Wright has not directed this court to any record evidence that Dunn was Appellees' agent on the day Dunn received noticed of Wright's claims or at any point thereafter. Wright fails to show precisely when this agency-based notice would have developed and what facts indicate that the agency relationship was intact at any time between Dunn's receipt of the original complaint and the expiration of the statute of limitations. And while Wright's complaint alleged that Dunn was an agent of Paradise Turf at the time of the accident, Wright did not allege that Dunn was an agent at any time after Dunn received notice of Wright's claims. Neither did Wright offer evidence of such a relationship in his opposition to summary judgment. Wright also conceded at oral argument that in 2007, when the lawsuit was filed, Dunn was no longer an agent because Paradise Turf had been dissolved and the employer/employee relationship had "long since passed."

¶ 14 Despite viewing the facts and all reasonable inferences drawn therefrom in the light most favorable to Wright and notwithstanding the absence of an actual-notice analysis by the district court, we cannot conclude that Wright put forth at least "some indication[ ]" that Appellees received actual notice before the statute of limitations had expired. *See Gary Porter Constr. v. Fox Constr., Inc.,* 2004 UT App 354, ¶ 45 n. 13, 101 P.3d 371; *cf. Ottens,* 2010 UT App 237, ¶ 50, 239 P.3d 308. Accordingly, Wright cannot establish that the original defendants and Appellees shared an identity of interest because Appel-

lees received neither actual nor constructive notice of the claims against them. Wright's relation-back argument therefore fails, and his claims against Appellees are barred by the statute of limitations.

## II. Wright's Rule 56(f) Motion

¶ 15 Wright also requested a continuance under rule 56(f) of the Utah Rules of Civil Procedure, seeking additional time to conduct discovery relating to Appellees. *See* Utah R. Civ. P. 56(f). Although the district court's written ruling does not explicitly address Wright's rule 56(f) request for additional discovery, the court stated that it was "exercis[ing] its discretion" to determine that "justice requires no further proceedings." Accordingly, we construe the court's treatment of Wright's rule 56(f) motion as a denial and review that decision for an abuse of discretion. *See Energy Mgmt. Servs., LLC v. Shaw,* 2005 UT App 90, ¶ 8, 110 P.3d 158.

¶ 16 The district court observed that due to Appellees' "absence during the early stages of the proceeding," Appellees "were not present to protect their interests during depositions of parties and other witnesses." The court reasoned that the "shape of the entire proceeding to date may have been different by virtue of [Appellees'] participation, and adding them in the eleventh hour ... cannot be anything but prejudicial." We agree. Wright had already conducted years of discovery. Wright had deposed Riding in pursuing his claims against the original defendants. He had obtained or had an opportunity to obtain all information relevant to the relationship between Appellees and the original defendants. Upon receiving PK Transport's answer on August 6, 2007, Wright knew that Paradise Turf may be a necessary party and that PK Transport intended to allocate fault to Paradise Turf. Yet, Wright did not commence litigation or discovery against Appellees for over two years. Indeed, it is telling that during oral argument before this court, counsel for Wright essentially conceded that the decision to amend the complaint to add Appellees after the statute of limitations had expired was not the result of a mistake as to Appellees' identity, but rather part of a "divide and con-

quer" litigation strategy. Moreover, Wright's request for a continuance did not state what specific discovery would be necessary to oppose Appellees' motion for summary judgment—for example, deposing certain witnesses or securing their affidavits. *See Aspenwood, LLC v. C.A.T., LLC,* 2003 UT App 28, ¶¶ 20–21, 73 P.3d 947. Neither did Wright identify any facts he believed would be uncovered through his discovery that would controvert the basis of Appellees' motion. *Id.* ¶ 21. Accordingly, the district court did not abuse its discretion in denying Wright's rule 56(f) motion.

¶ 17 For the foregoing reasons, we determine that the district court did not err by granting summary judgment in favor of Appellees. Affirmed.

VOROS, Judge (concurring):

¶ 18 I concur in the majority opinion. I write only to suggest that the federal approach to the relation-back doctrine with respect to adding parties is both more clear and more rational than the Utah approach. First, the federal doctrine is governed by rule. In contrast, Utah's relation-back doctrine exists only in caselaw. Nothing in the rule itself puts the practitioner on notice that rule 15(c) applies to an exception not mentioned in the rule.

¶ 19 Second, although similar to the Utah approach, the federal approach coexists more comfortably with the principle of fair notice underlying statutes of limitations. *See Russell Packard Dev., Inc. v. Carson,* 2005 UT 14, ¶ 28, 108 P.3d 741 (indicating that the statute of limitations serves "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared" (citation and internal quotation marks omitted)).

¶ 20 For example, under rule 15(c) of the Federal Rules of Civil Procedure, an amended complaint naming an additional party relates back to the original complaint only if— among other requirements—the new defendant both "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or

should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

¶ 21 And while the federal rule, like Utah's relation-back doctrine, allows a plaintiff to demonstrate notice by showing an identity of interest between the new defendant and an existing defendant, the commonality must relate to the identities of the two entities, and not (as under Utah law) to whether their legal defenses coincide. *Compare Cooper v. United States Postal Serv.,* 471 U.S. 1022, 1025 n. 3, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985), *and Singletary v. Pennsylvania Dep't of Corr.,* 266 F.3d 186, 197–98 (3d Cir.2001), *with Penrose v. Ross,* 2003 UT App 157, ¶¶ 15–20, 71 P.3d 631. Thus, "[i]n finding an identity of interest, courts usually require substantial shared structural and corporate identity" or that "the business operations of the parties are so closely related that notice to one provides notice to the other." 3 James W. Moore, *Moore's Federal Practice* § 15.19(3)(c) (Daniel R. Coquillette et al. eds., 2013). An identity of interest may also be found "when the two parties are co-executors of an estate" or "share[ ] legal counsel." *Id.* This approach rationally links the concept of identity of interest to the relevant factor, notice. By contrast, that the defenses of two otherwise unrelated entities coincide does little to establish that notice to one provides notice to the other. The federal rule also requires that the notice and knowledge factors "be satisfied within the 120–day period provided for service of process of the original complaint." *Id.* § 15.19(3)(e) (citing Fed. R.Civ.P. 15(c)(1)(C)).

¶ 22 For the foregoing reasons, I urge the Supreme Court Advisory Committee on the Rules of Civil Procedure to consider proposing an amendment to Utah rule 15 along the lines of the federal rule—or at least to conform our existing rule to controlling caselaw.